UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:13 CR 40 RL-APR |
| ) | |
| JOSHUA ALEXANDER ATWOOD ) | |

## AMENDED PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorney Jill Rochelle Koster, the defendant, Joshua Alexander Atwood, and Kerry Connor as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Joshua Alexander Atwood, have the ability to read, write and speak the English language.

2. I have received a copy of the Amended Information charging me with possession of child pornography filed simultaneously herewith and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case. I have agreed, as set forth in a separate filing with the Court, to waive my right to Indictment by a federal Grand Jury with respect to the charge of possession of child pornography and to plead guilty to the charge set forth in the Amended Information.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Amended Information filed herewith and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and

advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand that by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

    a. If I persisted in a plea of not guilty to the charge against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

    c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

    d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

- e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

- f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

- g. In the event that I should be found guilty of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after consideration of a pre-sentence investigation report, input from defense counsel and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

- a. I will plead guilty to the possession of child pornography charge alleged in the Amended Information filed simultaneously herewith, because I am, in fact, guilty of that offense. I also agree to forfeit my interest in the computer and computer-related equipment seized by the United States of America in this cause and to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with its seizure or forfeiture.

- b. I understand that the statutory maximum penalty for my conviction of the possession of child pornography charge alleged in the Amended Information filed simultaneously herewith is 20 years imprisonment pursuant to Title 18, United States Code, § 2252(a)(4)(B) because a visual depiction involved in the offense depicts a prepubescent minor or a minor who had not attained twelve (12) years of age. Further, I understand that the statutory mandatory minimum term of

supervised release I must serve for my conviction of the offense charged in the Amended Information is 5 years and the maximum possible term of supervised release is for the duration of my life, pursuant to Title 18, United States Code, § 3853(k). I understand that I am also subject to a fine of up to $250,000, and a special assessment of $100.00, for my conviction of the offense charged in the Amended Information.

c. In exchange for my guilty plea to the charge of possession of child pornography in the Amended Information filed simultaneously herewith, and my other agreements set forth herein, the United States of America agrees not to file any additional charges against me which could be brought based upon my conduct in the Northern District of Indiana which is related to this criminal investigation and is currently known to the government. The United States of America has informed me that it has not located evidence of my knowing production of child pornography or my commission of any hands-on offenses involving minors; I explicitly acknowledge herein that should the government discover such evidence, it will not be barred by this agreement from prosecuting me for that conduct.

d. The United States of America and I have also entered into the following agreements which are **not** binding upon the Court, and I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea:

   i. In recognition of my acceptance of responsibility for my offense conduct, in any U.S. Sentencing Guideline calculation, the United States of America and I agree that I am entitled to a two point, and if eligible, an additional one point reduction in offense level for acceptance of responsibility; however, the United States of America is not obligated to recommend I receive the acceptance of responsibility adjustment if I deny my involvement in the offense or relevant conduct, give conflicting statements of my involvement or relevant conduct, or engage in additional criminal conduct.

   ii. The United States of America and I agree that the following specific offense characteristics apply to my offense level calculation under U.S. Sentencing Guideline § 2G2.2:

      A. The 2-level enhancement under § 2G2.2(b)(2) for having material which involves a prepubescent minor;

      B. The 2-level enhancement under § 2G2.2(b)(3)(F) for distributing child pornography;

C. The 4-level enhancement under § 2G2.2(b)(4) for having material that portrays sadistic or masochistic conduct or other depictions of violence;

D. The 2-level enhancement under § 2G2.2(b)(6) for using a computer during commission of the offense; and

E. The 5-level enhancement under § 2G2.2(b)(7)(D) for possessing In excess of 600 images.

Based upon application of the above-referenced specific offense characteristics, the Guideline level I will face if I receive full credit for acceptance of responsibility and score out at Criminal History Category I, is a Level 30, which provides for a range of incarceration of between 97 and 121 months. The United States of America and I agree that based upon the facts of this case, and with full consideration of any factors to be considered under 18 U.S.C. § 3553(a), a total sentence of incarceration of 97 months is a fair and reasonable sentence, and no grounds exist for an upward or downward departure or variance from the applicable Guideline range.

vi. The United States of America and I also agree to recommend that the Court impose a 20-year term of supervised release following my release from imprisonment.

vii. The United States of America and I further agree to recommend that the Court order, as a mandatory condition of my supervised release, that I register as a sex offender and comply with state sex offender registration requirements pursuant to 18 U.S.C. § 3583(d) and 42 U.S.C. §16913. I have also been advised and understand that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: the location of my residence; the location of my employment; and, if I am a student, the location of my school. I understand that such registration will require that I provide information that includes my name, residence address, and the names and addresses of any places at which I will be an employee or student. I also understand that I must update my registration not later than three business days after any change of name, residence, employment, or student status. I understand that failure to comply with these obligations may subject me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment. I further agree that as long as I remain on supervised release, I will provide written documentation, as often as requested by my assigned United States

                Probation officer, that my sex offender registration remains in good standing.

        viii.    Finally, the United States of America and I agree to recommend that the Court order me to undergo a sex offender evaluation pursuant to Title 18, United States Code, Section 3552(b), upon my release from prison. I understand that it will be my obligation to secure this evaluation from a qualified mental health professional experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA). I further agree to submit to all evaluation procedures at the direction of the treatment provider, including phallometry and polygraph testing if the treatment provider deems them necessary. In this regard, I agree to waive any right to confidentiality and allow the provider conducting the psycho-sexual evaluation (and any subsequent treatment) to supply a written report(s) to the United States Probation Department, the Court and the United States Attorney.

e.    I understand that the law gives a convicted person the right to appeal the conviction and sentence (including any restitution) imposed; I also understand that no one can predict the precise sentence that will be imposed and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement; with this understanding and in consideration of the Government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction or the sentence imposed, including the manner in which my conviction or sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

f.    I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974;

g.    I acknowledge that Title 18, United States Code, Section 2259 requires the Court to order me to pay restitution to the victim for the full amount of the victim's losses as determined by the Court. This statute defines "victim" and identifies costs to be included in the loss determination. This statute also says that the Court may not decline to award restitution because of my economic circumstances or because any victim has, or is entitled to, receive compensation for injuries from

the proceeds of insurance or any other source. I understand my attorney may challenge the amount of the claimed losses of any victim and may argue regarding the amount that should be paid by me. However, once the Court determines the amount owed by me to any victim(s) in this case, I agree to the entry of a restitution order requiring me to pay that amount.

h. I agree, with respect to the computer and computer-related equipment which I have agreed to forfeit, to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. I also agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any ground, including that the forfeiture constitutes an excessive fine or punishment. I agree to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. I acknowledge that all property covered by this agreement is subject to forfeiture as property which facilitated and was involved in the illegal conduct giving rise to the forfeiture under 18 U.S.C. § 2253.

i. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

8. I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of the possession of child pornography charge set forth in the Amended Information to which I am pleading guilty.

9. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

10. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

11. I understand and acknowledge that this agreement, once filed with the Court, is a public document and available for public viewing.

/s/ Joshua Alexander Atwood
Joshua Alexander Atwood
Defendant

/s/ Kerry Connor
Kerry Connor
Attorney for Defendant

APPROVED:

DAVID CAPP
United States Attorney

By: /s/ Jill Rochelle Koster
Jill Rochelle Koster
Assistant U. S. Attorney